2021 IL App (1st) 210101-U

THIRD DIVISION
December 22, 2021

No. 1-21-0101

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL J. DAMASCHKE, Individually and on behalf of Illinois Hospitality Partners, LLC, an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant-Cross-Appellee, | ) ) | |
| v. | ) ) | 2000-CH-005549 |
| DONNA J. MICK, and Illinois Hospitality Partners, LLC, an Illinois Corporation, | ) ) ) | Honorable Caroline Kate Moreland, |
| Defendants-Appellees-Cross-Appellants. | ) ) | Judge Presiding |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Gordon and Justice Burke concurred in the judgment.

O R D E R

¶ 1    *Held*: Circuit court erred by not performing an analysis before granting defendant's motion to dismiss plaintiff's complaint on grounds that there was another action pending between the same parties for the same cause. Defendant's cross-appeal arguing that *forum non conveniens* is an alternative basis for dismissing the complaint was rejected because the circuit court had not sufficiently analyzed this ground.

¶ 2    Daniel J. Damaschke's complaint against his business partner, Donna J. Mick, in which he alleged she would neither help manage and fund their company, Illinois Hospitality Partners, LLC, (IHP) nor agree to sever their relationship, was dismissed by the circuit court of Cook County pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 2-619(a)(3)

(West 2020)) (Code), because "there was an existing case [in Madison County, Illinois] between these parties relating to the same issues when this case was filed." Damaschke argues that by denying Mick's alternative dismissal argument of *forum non conveniens*, the court acknowledged that Damaschke's suit has a legitimate and substantial connection to Cook County, which enhanced Mick's burden to show facts justifying dismissal under section 2-619(a)(3), and that Mick failed to meet her burden. 735 ILCS 5/2-619(a)(3) (West 2020). Mick responds that dismissal was warranted because her Madison County pleading and the two affidavits she tendered were clear and convincing proof that both suits concern the same parties and the singular issue of her partner's mismanagement of IHP. On cross-appeal, she contends that the circuit court should not have rejected her *forum non conveniens* argument because all of the relevant factors weigh in favor of transfer. Damaschke counters that her argument relies on unsupported conclusions rather than facts.

¶ 3    The dismissal order was entered on January 4, 2021. In the circuit court, Damaschke filed a notice of appeal 28 days later, on February 1, 2021, and Mick filed a notice of cross-appeal two days after that, on February 3, 2021. We have jurisdiction over the appeal and cross-appeal. *See* Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. Jan. 1, 2015).

¶ 4    Damaschke alleged the following in the eight-page, four-count complaint that he filed individually and on behalf of IHP against Mick and IHP on August 25, 2020. Damaschke and Mick are 50/50 partners who each contributed $60,000 to form IHP in 2019. IHP is in the business of operating five video gaming parlors in Illinois through five respective subsidiary corporations. None of the six limited liability companies has an operating agreement. The principal office of IHP and its five subsidiaries is located in Summit, Cook County, Illinois. The

registered agent of IHP and its five subsidiaries is located in Bridgeview, Cook County, Illinois. Four of the five gaming parlors are located in Cook County and the other one is located to the north, in Winnebago County, Illinois. Damaschke resides in Bridgeview, Cook County, Illinois. Mick resides to the south, in Edwardsville, Madison County, Illinois. IHP's subsidiaries have not generated sufficient revenue to cover their expenses since 2019, Mick has not cooperated with Damaschke's requests to manage and fund the business, and the partners have been unsuccessful in negotiating an end to their business relationship. Since 2019, Damaschke has lent more than $100,000 to the subsidiaries to meet business expenses and avoid defaulting on lease payments which he personally guaranteed. Consequently, he has agreed "to sell the assets of four of the IHP Subsidiaries for a cash payment." (Damaschke did not disclose details about the asset sale, such as which four of the five subsidiaries it concerned, the buyer's name, or the sales price.) Damaschke further alleged that Mick refuses to cooperate with the sale of assets for the benefit of IHP's members. In Count I of his complaint, Damaschke seeks a declaratory judgment that Mick must cooperate as necessary to effectuate the asset sale. In Count II, Damaschke claims Mick's conduct is in breach of her fiduciary duties, which entitles him to compensatory and punitive damages. In Count III, Damaschke seeks dissociation of Mick from IHP pursuant to the judicial authority granted by the Limited Liability Company Act. *See* 805 ILCS 180/35-45(6) (West 2020) (setting out three grounds for a member's expulsion by judicial determination). In the alternative, in Count IV, Damaschke seeks judicial dissolution of IHP and equitable winding up of its affairs. *See* 805 ILCS 180/35-1(A)(4)(c) (West 2020).

¶ 5    The Madison County complaint that was filed on June 12, 2020 is 85 pages long, and 15 of the 17 counts are brought by Mick's husband, Jeff Mick, suing individually or derivatively on

behalf of Lacey's Place, LLC (Lacey's Place), which is not part of IHP. Lacey's Place is Jeff Mick's 25/75 partnership as of 2013 with Jeffery Lynn Rehberger, who is referred to as "Senior." Senior is related to Jeffrey Joseph Rehberger, who is referred to as "Junior." We outline the lengthy complaint only to the extent necessary to set out Damaschke and Mick's appellate arguments. Lacey's Place operates or operated 38 licensed video gaming terminal establishments in Addison, Beecher, Belvidere, Berwyn, Bradley, Champaign, Channahon, Clinton, Crestwood, Crete, Decatur, Dekalb, Dolton, Georgetown, Hanover Park, Harvey, Hickory Hills, Justice, Kankakee, Lake Zurich, Lynwood, Markham, Matteson, McHenry, Midlothian, Minooka, Monee, North Riverside, Plano, River Grove, Romeoville, South Elgin, Stone Park, and Westville, Illinois. Lacey's Place allows video gaming on its premises through a "terminal operator," which, on information and belief, is Junior's limited liability company, Lucky Lincoln Gaming. Both of the Micks and both of the Rehbergers reside in Madison County. Senior is the registered agent for Lacey's Place. In 2019, the Illinois Gaming Board denied license applications for the Lacey's Place locations in Belvidere, Clinton, River Grove, DeKalb, and Crestwood. On information and belief, in order to circumvent the license denial, Senior gave the Crestwood and River Grove locations to Damaschke; and Damaschke paid or gave part of his company, Damaschke International, Inc. (Damaschke International) to Senior. On information and belief, Junior, who was named in disciplinary actions by the board in 2018 and 2019, "was integral to the existence of such deal." Jeff Mick claims that he and/or Lacey's Place were harmed by the license denials and by Senior's other improper acts, which, to name a few, include allocating the partnership's "tax advantages" only to himself and failing to account for borrowed funds and other assets. Most of Jeff Mick's 15 individual and derivative claims are

directed at Senior and sound in breach of the operating agreement for Lacey's Place, breach of fiduciary duty, conversion, fraud, and so forth. Some of Jeff Mick's other claims are directed at Junior, one is directed at Junior and Senior, and one is directed at Senior, Junior, and Damaschke. Jeff Mick seeks primarily compensatory and punitive damages and to gain control of Lacey's Place, as well as other forms of relief.

¶ 6    Two of the seventeen counts that are pending in Madison County are Donna Mick's claims against Damaschke concerning IHP, which she alleges is Damaschke and Mick's 50/50 partnership. Mick also alleges that Damaschke allowed Junior to (unsuccessfully) negotiate an IHP operating agreement with her in October 2019 "in violation of VGA and IGB rules" and that Damaschke also engaged in "self-dealing" and "[had] impermissible business relations" with Senior and Junior in the sale or exchange of assets belonging to Lacey's Place. We note that Mick does not have an interest in Lacey's Place or any of its 38 locations. In Count XV of the Madison County complaint, Mick, in her individual capacity, claims Damaschke's conduct was or is in breach of his fiduciary duties to her and IHP, entitling her (but not IHP) to compensatory and punitive damages, an accounting, and the right for her to purchase his interest in IHP as permitted "under 805 ILCS 180/1 *et seq.* [(West 2020)]." In Count XVII, Mick, in her representative capacity for IHP, seeks the same relief pursuant to the same statute; and also dissociation of Damaschke from IHP and "injunctive relief, appointment of a trustee, and forced sale [of his interest in IHP]," pursuant to the judicial authority granted by section 180/35-46 of the Limited Liability Company Act. 805 ILCS 180/35-45(6) (West 2020).

¶ 7    In the later-filed Cook County action, Mick filed a motion to transfer Damaschke's complaint to Madison County on the grounds of *forum non conveniens*, or, in the alternative, to

dismiss the complaint pursuant to section 2-619(a)(3) of the Code, which provides for dismissal when "there is another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2020). Damaschke filed a brief in opposition, but he could not contrast the two pleadings for the circuit court because he had not been served with the Madison County complaint and Mick had not attached the pleading to her motion. Mick tendered her Madison County complaint with her reply brief. Mick's reply was the last document that the circuit court considered before ruling without benefit of oral argument. The one-page circuit court order provided:

> "I. *FORUM NON [CONVENIENS]*
>
> Defendant first argues that *forum non [conveniens]* should apply because she resides in Madison County. The Court rejects this first argument because Defendant admits in her own motion that the businesses at issue in this case are all located in Cook County. See paragraph 11 of the motion.[1]
>
> II. MOTION TO DISMISS
>
> Next, Defendant moves to dismiss the case pursuant to 735 ILCS 5/2-619(a)(3). Section 2-619(a)(3) allows for dismissal when 'there is another action pending between the same parties for the same cause.' Here Defendant has filed a case between herself and Plaintiff in Madison County, Illinois on June 12, 2020. Plaintiff filed their complaint in Cook County on August 25, 2020, more than two months later. Because there was an

---

[1] The circuit court incorrectly stated the facts. Contrary to the court's statement, Damaschke alleged that four of IHP's locations are in Cook County and that one is in Winnebago County; and Mick admitted in paragraph 11 of her motion "that IHP *primarily* conducts business *in or near* Cook County." (Emphases added.)

existing case between these parties relating to the same issues when this case was filed[,] the Court will dismiss this matter.

III. CONCLUSION

This matter is dismissed pursuant to 735 ILCS 5/2-619(a)(3)."

¶ 8 As we summarized at the outset of this order, Damaschke argues that his action should be allowed to proceed in Cook County because once he showed the judge that the suit has a strong connection to this county, Mick had to show additional facts warranting dismissal and yet she did not come forward with any such information. He contends his claims are specific to IHP's ongoing business operations in Cook County, while the Madison County action is mostly Jeff Mick's suit about his business relationship with the Rehbergers and their investment in non-Cook County gaming parlors in which Damaschke has no interest. Mick responds that the ruling was not an abuse of discretion and that an analysis of section 2-619(a)(3) and related case law would show that a reasonable person could come to the same conclusion as the trial judge, which means that Damaschke has suffered no prejudice from the ruling that was entered.

¶ 9 Although the parties have fully briefed Damaschke's appeal, we decline to address the arguments as to whether Mick, the moving party, met her burden of proof under section 2-619(a)(3). The record does not indicate that the circuit court considered the relevant facts or law before entering the dismissal pursuant to that section of the code of civil procedure. See *Lucie B. v. Dep't of Human Services*, 2012 IL App (2d) 101284, ¶ 21, 966 N.E.2d 1005 (failure of administrative agency to provide factors it considered before reaching decision precluded meaningful review by appellate court).

¶ 10 Mick's argument about section 2-619(a)(3) was subject to the circuit court's discretion.

*A.E. Staley Manufacturing Co. v. Swift & Co.*, 84 Ill. 2d 245, 253, 419 N.E.2d 23 (1980) (addressing the statute now codified as section 2-619(a)(3)). *See Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 932 N.E.2d 520 (2010) (noting that motions to dismiss are generally subject to *de novo* review because they do not require the circuit court to weigh facts or determine witness credibility, but section 2-619(a)(3) is an exception reviewed for an abuse of discretion because the circuit court must weigh several factors). "In reviewing discretionary rulings by the trial court, an appeals court must look to the criteria on which the trial court should rely to determine if the trial court abused its discretion." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99, 858 N.E.2d 1 (2006) (internal quotation marks omitted). The circuit court's order under section 2-619(a)(3) does not provide the analysis dictated by precedent and indicates the circuit court deemed the earlier filing of Jeff Mick and Mick's "existing" complaint to be determinative. Section 2-619(a)(3) does not mandate an automatic dismissal when there is another action pending in which the plaintiff and defendant are parties. *Staley*, 84 Ill. 2d at 252. "[M]ultiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed." *Staley*, 84 Ill. 2d at 253. "That one action is filed prior to the other [is not] determinative." *Staley*, 84 Ill. 2d at 252. "No mention is made in [the statute] of the respective filing times of the actions, and it is therefore apparent that the statute does not attribute any significance to [filing times]." *Staley*, 84 Ill. 2d at 252.

¶ 11    Section 2-619(a)(3) is intended to avoid duplicative litigation and provides for dismissal of a complaint when there is "another action pending between the same parties for the same cause." 735 ILCS 5/2-619(a)(3) (West 2020); *Combined Insurance Co. v. Certain Underwriters*

*at Lloyd's London*, 356 Ill. App. 3d 749, 753, 826 N.E.2d 1089. The "same parties" requirement of section 2-619(a)(3) is satisfied " 'where the litigants' interests are sufficiently similar, even though the litigants differ in name or number.' " *Combined Insurance*, 356 Ill. App. 3d at 754 (quoting *Doutt v. Ford Motor Co.*, 276 Ill. App. 3d 785, 788, 659 N.E.2d 89 (1995)). Two cases involving different issues and different forms of relief can be deemed the "same cause" for purposes of the statute, as long as "the relief requested is based on substantially the same set of facts." *Whittmanhart,* 402 Ill. App. 3d at 853. Stated another way, the circuit court's "crucial inquiry is whether both [actions] arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions." *Jackson v. Callan Publishing, Inc.,* 356 Ill. App. 3d 326, 337, 826 N.E.2d 413 (2005). In addition, four factors that a court typically weighs in its analysis of a section 2-619(a)(3) argument are "(1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction: and (4) the *res judicata* effect of a foreign jurisdiction in a local forum." *Combined Insurance*, 356 Ill. App. 3d at 754; *Whittmanhart*, 402 Ill. App. 3d at 853. These four factors are referred to as the *Kellerman* factors, from *Kellerman v. MCI Telecommunications Corp*., 112 Ill. 2d 428, 447-48, 493 N.E.2d 1045 (1986)); *Combined Insurance*, 356 Ill. App. 3d at 754. All four factors are not necessarily relevant in every case. *See Combined Insurance*, 356 Ill. App. 3d at (courts should consider but not must consider the *Kellerman* factors, and "not all four *Kellerman* factors necessarily apply to each section 2-619(a)(3) dismissal"). We do not conclude that each factor is relevant in this matter concerning suits that were filed in two different Illinois counties.

¶ 12    In its one-page written order granting Mick's motion, the circuit court did not explain the

factual basis for its conclusion that there was "another action pending between the same parties for the same cause" and also gave no indication that it had weighed *any* of the four *Kellerman* factors.

¶ 13    The failure to apply these established standards was error. *Combined Insurance*, 356 Ill. App. 3d at 756-57. "Although a section 2-619(a)(3) motion to dismiss is committed to the sound discretion of the trial court, that discretion must be exercised with due consideration of the well-recognized principles of Illinois law." *Combined Insurance*, 356 Ill. App. 3d at 757. When a court makes a discretionary decision without reference to a relevant statute or the factors set out in precedent, it appears to have made an arbitrary decision. *Chesler v. People*, 309 Ill. App. 3d 145, 153, 722 N.E.2d 668 (1999) (where the court's decision was not based on statutory factors or precedent, it appeared to have been arbitrary). Arbitrary decisions are an abuse of discretion. *Chesler*, 309 Ill. App. 3d at 153.

¶ 14    The circuit court in *Staley* made the erroneous presumption that the respective filing times of the two actions was determinative. Here, the circuit court presiding over Damaschke's action appears to have done the same, holding, "Because there was *an existing case* between these parties relating to the same issues when this case was filed[,] the Court will dismiss this matter." (Emphasis added.) *Staley*, 84 Ill. 2d at 253 ("The circuit court here felt that it had no discretion in this matter and therefore failed to conduct an appropriate analysis of the situation."). Employing the wrong legal standard is an abuse of discretion. *Zavell & Associates, Inc. v. CCA Industries, Inc.*, 257 Ill. App. 3d 319, 322, 628 N.E.2d 1050 (1993); *Shulte v. Flowers*, 2013 IL App (4th) 120132, ¶ 23, 983 N.E.2d 1124 (it is an abuse of discretion to apply the wrong legal standard or use the wrong legal criteria).

¶ 15 In addition, as the moving party, Mick bore of the burden of demonstrating by clear and convincing evidence that the two actions involved the same parties and cause within the meaning of section 2-619(a)(3). *Whittmanhart*, 402 Ill. App. 3d at 853. Mick, however, failed to attach a copy of her Madison County pleading to her motion and she likely knew that Damaschke could not effectively respond to her motion because he had not been served with the Madison County complaint. Even so, the circuit court entered the dismissal order without ordering a sur-reply or scheduling a hearing. Consequently, the record does not show that the court held Mick to her burden of proof. This additional fact suggests that the ruling was arbitrary. *See Chesler*, 309 Ill. App. 3d at 153 (arbitrary decisions are an abuse of discretion).

¶ 16 For these reasons, we find that no reasonable person could adopt the view taken by the circuit court as to Mick's section 2-619(a(3) argument and that granting a dismissal on this basis was an abuse of discretion. *Performance Network Solutions, Inc. v. Cyberklix US, Inc.*, 2012 IL App (1st) 110137, ¶ 27, 966 N.E.2d 396 (quoting *Favia v. Ford Motor Co.*, 381 Ill. App. 3d 809, 815, 886 N.E.2d 1182 (2008) (stating with regard to section 2-619(a)(3) that an abuse of discretion has occurred when the court's ruling is " 'arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view' ")).

¶ 17 On cross-appeal, Mick proposes that even if section 2-619(a)(3) does not carry the day, the circuit court erred by denying Mick's alternative request to transfer the Cook County lawsuit to Madison County under the doctrine of *forum non conveniens*.

¶ 18 Although similar to section 2-619(a)(3), *forum non conveniens* is a common law principle indicating that when there is more than one potential forum, "the court in which [an] action was filed [may] decline jurisdiction and direct the lawsuit to an alternative forum that the court

determines can better serve the convenience of the parties and the ends of justice." *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172, 797 N.E.2d 687 (2003). The defendant bears the burden of showing that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all of the parties. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444, 848 N.E.2d 927 (2006). "However, the defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *Langenhorst*, 219 Ill. 2d at 444.

¶ 19    The circuit court has broad discretion to grant or deny a *forum non conveniens* motion. *Eads v. Consolidated Rail Corp.*, 365 Ill. App. 3d 19, 25, 847 N.E.2d 601 (2006). Nevertheless, that "discretionary power *** should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 442. On appeal, we determine whether the circuit court abused its discretion. *Eads*, 365 Ill. App. 3d at 25. A circuit court has abused its discretion when no reasonable person would take the view that it adopted. *Eads*, 365 Ill. App. 3d at 25.

¶ 20    In evaluating a *forum non conveniens* argument, the circuit court is to consider various "private interest" factors which affect the litigants and various "public interest" factors regarding court administration. *Dawdy*, 207 Ill. 2d at 171. The private interest factors include "accessibility of sources of proof, availability of witnesses, availability of compulsory service of process to compel the appearance of unwilling witnesses, costs of obtaining witnesses, viewing the premises in question, if appropriate, convenience of the parties, and all other practical problems that make trial of a case easy, expeditious and inexpensive." (Internal quotations omitted.) *Eads*, 365 Ill. App. 3d at 27. The public interest factors include "the administrative difficulties which result 'when litigation is piled up in congested centers instead of being handled at its origin,' 'a

local interest in having localized controversies decided at home,' and that it is unfair to burden citizens in an unrelated forum with jury duty." *Eads*, 365 Ill. App. 3d at 27 (quoting *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 520 N.E.2d 368 (1988)). Although not relevant in this appeal involving two suits filed in the same state, "[a]n additional public interest factor is the appropriateness of having the case heard in a forum familiar with the state law that governs the case." *Eads*, 365 Ill. App. 3d at 27.

¶ 21 Another consideration is that the plaintiff's choice of forum is rarely to be disturbed. *Eads*, 365 Ill. App. 3d at 27; *Langenhorst*, 219 Ill. 2d at 452 (the plaintiff has a substantial interest in choosing the forum where his or her rights will be vindicated). If the plaintiff's chosen forum is the plaintiff's home forum or it is the site of the accident or injury at issue, then the court may reasonably assume that the choice serves the convenience of the parties. *Eads*, 365 Ill. App. 3d at 27. Under these circumstances, the private and public interest factors will tend to weigh in the plaintiff's favor. *Eads*, 365 Ill. App. 3d at 27. If the plaintiff does not live in the chosen forum when the injury occurs or the suit is filed, then the plaintiff's choice is subject to less deference. *Eads*, 365 Ill. App. 3d at 28. Under these circumstances, the presumption is that the plaintiff has forum shopped and forum shopping "is not a persuasive or even legitimate reason for burdening *** communities with litigious controversies which arose elsewhere and should in all justice be tried there." (Internal quotations omitted.) *Dawdy*, 207 Ill. 2d at 175. But even when the plaintiff has chosen some other forum, the test remains whether the relevant factors, viewed in their totality, *strongly* favor transfer to the forum argued by the defendant. *Eads*, 365 Ill. App. 3d at 28; *Langenhorst*, 219 Ill. 2d at 452.

¶ 22 When addressing a *forum non conveniens* argument, the court must take all of the

relevant public interest and private interest factors into account, including the plaintiff's choice of forum, without emphasis on any particular factor. *Dawdy,* 207 Ill. 2d at 175-76, 797 N.E.2d 687 (the court is to give "proper deference or weight under the circumstances" to all pertinent facts).

¶ 23    In her cross-appeal, Mick argues that under *forum non conveniens*, the circuit court has the authority to transfer a lawsuit intrastate even when the initial venue is proper and that venue is proper in the county in which any defendant resides. Mick resides in Madison County, which is where she argued Damaschke's lawsuit should proceed. She contends that Damaschke's choice of the relatively inconvenient forum of Cook County would unnecessarily inflict expense or trouble on her. She also contends that all of the private and public interest factors weigh in favor of Madison County. (She offers no specific argument about the additional consideration that a plaintiff's choice of forum is rarely to be disturbed.) Damaschke responds that the *forum non conveniens* factors weigh in favor of rejecting Mick's argument and that the circuit court properly denied Mick's transfer request.

¶ 24    We refer back to the order that we set out above and to the fact that there was no hearing from which we might glean insight into the circuit court's concerns or reasoning. Although the parties have briefed their positions on the circuit court's *forum non conveniens* ruling, we decline to address those arguments, because the order on appeal does not indicate that the court took the relevant factors or law into account before ruling in Damaschke's favor. See *Lucie B.*, 2012 IL App (2d) 101284, ¶ 21. As quoted above, the court addressed the *forum non conveniens* issue in two sentences, the first of which indicated only that Mick was asserting the doctrine as grounds for transfer to Madison County. In the second sentence, the judge, "reject[ed] this first argument

because Defendant admits in her own motion that the businesses at issue in this case are all located in Cook County." Mick did not, however, make this admission. Damaschke alleged that four of IHP's locations are in Cook County and that one is in Winnebago County; and Mick's admission in paragraph 11 of her motion was "that IHP *primarily* conducts business *in or near* Cook County." (Emphases added.) The circuit court's misunderstanding of this fact and short analysis are inconsistent with the principles of law which we have summarized. The circuit court did not discuss and, therefore, appears to have disregarded the various private and public interest factors and Damaschke's substantial right as the plaintiff to choose the forum where his rights will be vindicated. Employing the wrong criteria is an abuse of discretion. *Zavell*, 257 Ill. App. 3d at 322; *Shulte*, 2013 IL App (4th) 120132, ¶ 23, 983 N.E.2d 1124.

¶ 25     For these reasons, we reverse the dismissal order in its entirety and remand to the circuit court with directions to reconsider Mick's motion regarding the doctrine of *forum non conveniens* and section 2-619(a)(3). 735 ILCS 5/2-619(a)(3) (West 2020).

¶ 26     Appeal and cross-appeal reversed and remanded with directions.